IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FRANCIS KEISTER | ) | |
| | ) | |
| v. | ) | No. 3:22-cv-00040 |
| | ) | |
| METRO NASHVILLE POLICE DEPARTMENT, et al. | ) | |

**TO:** Honorable William L. Campbell, Jr., U.S. District Judge

# REPORT AND RECOMMENDATION

By Order entered April 8, 2022 (Docket Entry No. 13), the Court referred this *pro se* civil rights action to the Magistrate Judge for pretrial proceedings. For the reasons set out below, the undersigned respectfully recommends that the action be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

Francis Keister ("Plaintiff") filed this *pro se* lawsuit on January 21, 2022, against the Metro Nashville Police Department, Officer T. Parson, and the Davidson County District Attorney's Office. He seeks 150 million dollars in damages under 42 U.S.C. § 1983 for violations of his civil rights alleged to have occurred between 2019 and 2022 during various interactions with Defendants in Nashville, Tennessee.

Because Plaintiff paid the full civil filing fee, there was no screening of the complaint and the case was referred to the Magistrate Judge for pretrial proceedings. *See* Order entered April 8, 2022 (Docket Entry No. 13). Plaintiff was advised in the referral order and in an order entered April 11, 2022 (Docket Entry No. 14), that he was responsible for effecting service of process upon Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure and that

failure to timely complete service of process upon Defendants would result in dismissal of the case under Rule 4(m).

Although summonses were initially issued for Defendants and then re-issued, *see* Docket Entry Nos. 12, 15, and 18, the Court entered an order on September 8, 2022, alerting Plaintiff that:

> the Court notes that there is no indication in this case that process has been served upon any Defendants. Although Plaintiff has stated in some of his filings that he has served some of the Defendants, he has not filed completed Proof of Service forms (which are included in the service packets mailed by the Clerk's Office) or otherwise offered any actual proof of service of process upon Defendants, as is required by Rule 4(l)(i) of the Federal Rules of Civil Procedure. Although the 90-day period of time provided by Rule 4(m) for serving process upon Defendants has already expired, the Court will grant Plaintiff until October 31, 2022, to serve Defendants with process and provide proof of service. If Plaintiff has not shown by this date that he has served process upon Defendants, the Court will enter a recommendation for dismissal of this action under Rule 4(m).

*See* Docket Entry No. 27 at 2. Plaintiff thereafter had summons re-issued, and he returned to the Court proof of service forms indicating that he had delivered service of process for Defendants to the "Metro Nashville Department of Law" on September 20, 2022. *See* Docket Entry 30.

Review of the docket indicates that no substantive activity has occurred in the case and that Plaintiff's attempt to serve process upon Defendants has not been successful. Plaintiff's attempt to service of process upon Defendants at the "Metro Nashville Department of Law" does not meet the requirements of Rule 4(e) of the Federal Rules of Civil Procedure with respect to serving an individual, such as Defendant Parson, or the requirements of Rule 4(j)(2) with respect to serving a state or local government agency, such as the two other Defendants. Further, the Court notes that Defendants have not appeared in the case, despite the lack of proper service of process.

2

Case 3:22-cv-00040   Document 41   Filed 05/12/23   Page 2 of 4 PageID #: 100

On March 22, 2023, Plaintiff filed a letter with the Court that appeared to ask the Court to take some type of unspecified action. *See* Docket Entry No. 36. However, because the purpose of the letter was unclear and because it was not in the form of a motion, the Court took no action upon the letter. *See* Order entered March 27, 2023 (Docket Entry No. 37). Plaintiff has made three subsequent filings, *see* Motion for extension of time to reply to court order (Docket Entry No. 38), Reply (Docket Entry No. 39), and Application for action upon Plaintiff's reply (Docket Entry No. 40), but none of these filings show that process has been properly served upon Defendants in compliance with Rule 4.

Rule 4(c)(1) states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

It has now been approximately 16 months since this action was filed and Defendants have yet to be properly served with process. The time frame permitted under Rule 4(m) expired long ago, and the plain language of Rule 4(m) requires that the case be dismissed without prejudice.

The Court notes that Plaintiff was specifically advised in two orders that the action would be dismissed if process was not properly served on Defendants. Although Plaintiff is proceeding *pro se,* he must still comply with the basic procedural rules applicable to all litigants. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Aug. v. Caruso*, 2015 WL 1299888, *6 (E.D. Mich. Mar. 23, 2015) ("*pro se* parties must follow the same rules of procedure that govern other litigants"). Further, this case simply cannot proceed in the absence of service of process upon Defendants.

3

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED this action be DISMISSED WITHOUT PREJUDICE in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge